Because there can be no question that the indictment "alleged" a crime of carrying a concealed weapon on I-280, where there was no evidence of a concealed weapon and the amendment of the bill of particulars changed the location of the crime and, in effect, the time of the offenses, it cannot be said that on its "face" there was no change in the identity of the "alleged" crime. The issue then becomes whether the evidence which convicted appellant was presented to the grand jury who indicted appellant. In this regard, appellant urges that although he was not prejudiced by the change, Crim.R. 7(D)and (E) flatly prohibit an amendment to the bill of particulars that changes the identity of the offense. The rationale for this rule is the danger that the grand jury may not have intended to indict on the change requested by the state because the evidence of the change was never presented to them. Therefore, such a change would lead to prosecutorial abuse.
I fully agree with the arguments of appellant, however, what distinguishes the proceedings in this case from all the cases cited by appellant is the plain fact that appellant concedes the trial judge perspicaciously reviewed the testimony presented to the grand jury and found that they did hear testimony pertaining to the stop of appellant in Walbridge, Ohio, and that, therefore, the amendment did not change the identity of the offense. This,combined with no claim of surprise or prejudice, convinces this writer that, in actuality, there was no change in the identity of the offense as presented to the grand jury. This case involves the faulty or careless preparation of the indictment that was presented for signature. A lay foreperson cannot be expected to know that the indictment he or she signed did not recite a crime of carrying a concealed weapon as considered by the grand jury. For the above reasons, I concur in judgment only.